UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ x

RONALD CHATMAN,

*Plaintiff,*

-*against*-

COUNTY OF NASSAU, STATE OF NEW YORK;
NASSAU COUNTY POLICE DEPARTMENT;
NASSAU POLICE OFFICER GREGORY FISHER
(4077); NASSAU POLICE OFFICER JOSEPH
ARLOTTA (9992); NASSAU POLICE OFFICER
DAVID ANDREANI; NASSAU POLICE OFFICER
JOSEPH CALAMITA; and Does 1 through 10,

*Defendants.*

_____ x

Civil Action #:


COMPLAINT


DEMAND FOR JURY TRIAL


NATURE OF THE ACTION

This is an action to recover money damages arising out of the violation of plaintiff
Ronald Chatman's rights under New York State Law, the Fourth and Fourteenth Amendments of
the United States Constitution.


JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983, § 1988, and the Fourth and
   Fourteenth Amendments to the United States Constitution.
2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 & 1343.
3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b).
4. The acts and conduct complained of herein occurred in substantial part in this District,
   plaintiff Chatman resided in this District and the defendants maintain their principal place
   of business in this District.

1

5. This Court has supplemental jurisdiction over the pendant New York State Law Claims pursuant to 28 U.S.C. § 1367.

PARTIES

6. At all times mentioned herein, plaintiff Chatman was and still is a resident of Suffolk County, State of New York.

7. At all times mentioned herein, defendant County of Nassau is and was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant County of Nassau maintains defendant Nassau County Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the County of Nassau.

9. At all times mentioned herein, defendants Nassau Police Officers Gregory Fisher, Joseph Arlotta, David Andreani, Joseph Calamita, and Does 1 through 10, were duly sworn police officers of the Nassau County Police Department and were acting under the supervision of said department and according to their official duties.

10. At all times mentioned herein, defendants and each of them were the agent of the other defendants and in doing the things alleged herein were acting in the course and scope of and in furtherance of such agency relationship.

11. Defendants are derivatively and vicariously liable for the acts of each other.

12. At all times mentioned herein, defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or County of Nassau and laws of the State of New York.

13. The true names and capacities of Does 1 to 10 are currently unknown and plaintiff Chatman will amend this complaint upon ascertaining the true names and capacities of such defendants.

14. Plaintiff Chatman caused to be filed with defendants a notice of claim within 90 days of the happening of the events giving rise to this claim.

15. To date, the claim has not been paid.

16. On March 20, 2020, New York Governor Andrew Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30) day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020 and on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020 and on July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

17. Thus, as a result of and pursuant to the aforementioned Executive Orders, the filing of the instant Complaint is timely.

18. On or about March 12, 2020, at approximately 7:30 p.m., at or nearby to 1504 Old Country Road, Westbury, New York, in Nassau County, State of New York, plaintiff Chatman was performing his job as a caretaker for intellectually and/or developmentally disabled persons.

19. Plaintiff Chatman was sitting in his employer's motor vehicle van with one of his intellectually and/or developmentally disabled clients.

20. At the time, plaintiff Chatman was approximately 33 years old.

21. Defendants who were in plain clothes and not in uniform arrived at the above referenced location.

22. Upon their arrival, defendants went to the van that plaintiff Chatman was sitting in and opened up the van door.

23. Defendants removed plaintiff Chatman from the van, immediately attacked him and taised him.

24. Defendants suddenly and without justification attacked, assaulted and restrained plaintiff Chatman.

25. Defendants forced plaintiff Chatman to the ground and continued the unprovoked attack and assault.

26. Defendants restrained plaintiff Chatman, took control of his hands and handcuffed him.

27. Plaintiff Chatman did not resist arrest.

28. Plaintiffs Chatman posed no threat to defendants or the general public.

29. Plaintiff Chatman experienced excruciating pain from defendants use of unjustified force.

30. As a result of defendants' attack, assault and restrain of plaintiff Chatman, plaintiff Chatman suffered serious bodily injuries.

31. Defendants in an unreasonable manner caused and conducted a search of plaintiff Chatman.

32. The other defendants did not step forward to intervene despite having seen the wrongful conduct and actions of the other defendants.

33. Plaintiff Chatman was falsely arrested and imprisoned by the defendants.

34. Plaintiff Chatman was also wrongfully prosecuted for several criminal offenses, in the First District Court of Nassau County, Case # 2020CR 322452.

35. On the 14th day of September, 2020 , due to plaintiff Chatman's arrest and charges pending, Orders of Protection were issued.

36. On the 24th day of May, 2021,  a disposition of the criminal charges was agreed to and the charges were dismissed on the 23th day of November, 2021.

37. Plaintiff Chatman suffered serious physical injuries as a consequence of the excessive use of force upon him by defendants, and the other defendants' failure to intervene.

38. After the use of excessive force, false arrest and imprisonment, plaintiff Chatman was confined to the hospital to receive medical treatment and thereafter continued to receive medical treatment for his injuries and will continue to receive medical treatment in the future for his personal injuries.

39. Plaintiff Chatman reported the incident and his injuries to medical personnel for treatment at the time the incident occurred and in subsequent medical visits.

40. As a result of the incident, plaintiff Chatman also suffered and continues to suffer significant mental and emotional distress which manifested as, inter alia, anxiety, depression, post-traumatic stress disorder, sleeplessness, nightmares and more.

41. The physical attack, arrest, incarceration, prosecution, rough and humiliating treatment of plaintiff Chatman occurred as a direct result of the unconstitutional policies, customs or practices of defendants Nassau County and Nassau County Police Department (hereinafter referred to as "County defendants") including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employee officers.

42. The County defendants knew that there was an obvious risk that their employee officers would violate an individual's constitutional rights in the manner complained of here absent adequate training.

43. Defendants' conduct and actions permit an inference that the County defendants inadequately trained defendants and proximately caused the constitutional violations that plaintiff Chatman suffered.

44. Similarly, the other defendants' failure to intervene to stop the violations despite having the opportunity to do so further permits a reasonable inference that the County defendants failed to adequately train their employees to know whether such conduct was justified.

45. Defendants' actions and omissions permit an inference that the County defendants failed to train their officer employees on the subject and shows that the defendants' conduct constituted unreasonable misconduct in violation of State law and the Fourth and Fourteenth Amendments.

46. Taking together the defendants' actions against plaintiff Chatman, the other defendants' failure to intervene despite having a reasonable opportunity, it can plausibly be inferred that the County defendants failed to train its officers regarding the need not to violate person's civil rights through assaults, excessive use of force, false arrest, malicious prosecution and unreasonable searches.

47. Assuming arguendo, that County defendants have some policy to train employee officers regarding assaults, excessive use of force, false arrest and malicious prosecution (at this stage, plaintiff Chatman has no knowledge as to the fact or substance of any such training), plaintiff Chatman alleges that the circumstantial proof described above demonstrates that the policy was either not implemented or that it was inadequately implemented due to so many officers' apparent lack of awareness of applicable Fourth Amendment and/or reasonableness limitations pertaining to assaults, excessive use of force, false arrest and malicious prosecution.

48. Plaintiff Chatman also alleges due to so many officers' apparent lack of awareness of assaults, excessive use of force, false arrest, malicious prosecution and Fourth Amendment violations, that the County defendants' failure to train manifested through a failure to verify whether any alleged training was effective through attendee testing or other means.

6

49. Plaintiff Chatman alleges that his experience with defendants and their actions, remarks, and failure to intervene shows that there was no meaningful verification, for instance, that any training substance or administration actually established the intended education.

50. The aforesaid incident is not an isolated incident.

51. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar allegations of wrongful conduct by County defendants' officer employees as documented in civil rights actions filed against Nassau County in federal and state courts and citizen complaints.

52. County defendants are alone in possession of the number and nature of such citizen complaints that are settled pre-litigation, or that are made without connection to any claim for damages, for example, to the IAU.

53. In light of the foregoing, County defendants are aware that officer employees, including the defendants here, face difficult choices and that adequate training would reduce the risk of constitutional violations occurring in this context by helping employee officers not make the wrong choices.

54. Moreover, on information and belief, County defendants were aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers.

55. Despite such notice, County defendants have retained these officers, and failed to adequately train and supervise them.

56. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under color of state law.

57. All of the aforementioned acts, deprived plaintiff Chatman of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.61, etc.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

7

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the County defendants and the Nassau County Police Department, all under the supervision of ranking officers of said department.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

61. As a result of defendants' culpable conduct, plaintiff Chatman sustained personal injuries, continues to suffer personal injures and will continue in the future to suffer from these injuries.

62. As a result of defendants' culpable conduct, plaintiff Chatman has been forced to seek medical care, treatment, etc., for his personal injuries and will continue to seek in the future medical care, treatment etc., for his personal injuries.

63. Based upon information and belief, as a result of defendants' culpable conduct, plaintiff Chatman has sustained a permanent injury to his physical and nervous systems.

64. Plaintiff Chatman has been compelled to incur great expense and to expend large sums for medical care and treatment, hospital care and treatment, medicines and medical devices and apparatus and will be compelled to incur in the future further great expense for these purposes.

65. As a result of the foregoing, plaintiff Chatman lost wages and was unable to continue to be gainfully employed and will continue to lose wages and be unable to be gainfully employed in the future as a result of his injuries.

66. That as a result of the foregoing, plaintiff Chatman has experienced pain and suffering, loss of enjoyment, etc., and will continue in the future to experience pain and suffering, and loss of enjoyment, etc.

67. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

FIRST CLAIM

42 U.S.C. § 1983

68. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 67 above, as if fully set forth herein.

69. Defendants, by their conduct toward plaintiff Chatman, violated plaintiff Chatman's rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

70. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive plaintiff Chatman of his constitutional rights.

71. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman sustained the damages hereinbefore alleged.

72. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

SECOND CLAIM

EXCESSIVE FORCE

73. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72 above, as if fully set forth herein.

74. Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States because they used excessive, objectively unreasonable force upon plaintiffs's body, falsely arrested and maliciously prosecuted.

75. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

76. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman sustained the damages hereinbefore alleged.

77. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual, and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

THIRD CLAIM

FAILURE TO INTERVENE

78. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 above, as if fully set forth herein.

79. The individual defendants either committed the aforementioned unlawful conduct, or they observed such conduct, had an opportunity to prevent the unlawful conduct and the excessive use of force that it constituted, had a duty to intervene and prevent such conduct and failed to intervene.

80. Accordingly, the individual defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

81. Individual defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff Chatman of his constitutional rights.

82. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman sustained the damages hereinbefore alleged.

83. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual, and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FOURTH CLAIM

## MONELL

84. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 83 above, as if fully set forth herein.

85. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

86. The aforementioned customs, policies, usages, practices, procedures and rules of County defendants included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of plaintiff Chatman's rights as described herein.

87. As a result of the failure of County defendants to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, County defendants have tacitly authorized, ratified and been deliberately indifferent to, the acts and conduct complained of herein.

88. County defendants knew of an obvious risk regarding the likely violation of individuals' rights absent adequate recruitment, screening, training, discipline and supervision of its officers, yet was deliberately indifferent to the same as described in the paragraphs above.

89. The foregoing customs, policies, usages, practices, procedures and rules of County defendants constituted deliberate indifference to plaintiff Chatman's safety, well-being and constitutional rights.

90. The foregoing customs, polices, usages, practices, procedures and rules of County defendants were the direct and proximate cause of the constitutional violations suffered by plaintiff Chatman as described herein.

91. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman sustained the damages hereinbefore alleged.

92. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual, and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

FIFTH CLAIM

FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

93. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 92 above, as if fully set forth herein.

94. Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution because they engaged in false arrest, false imprisonment and malicious prosecution when they knew of the true facts and circumstances.

95. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

96. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman sustained the damages hereinbefore alleged.

97. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual, and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

SIXTH CLAIM

NEW YORK COMMON LAW AND STATUTORY VIOLATIONS

98. Plaintiff Chatman repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 97 above, as if fully set forth herein.

99. Defendants' conduct violates New York common law, State and Local statutes, Rules and Ordinances.

100. As a direct and proximate result of defendants' unlawful conduct, plaintiff Chatman

sustained the damages hereinbefore alleged.

101. As a result of the foregoing, plaintiff Chatman is entitled to and seeks compensatory, special, general, actual, and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

PRAYER FOR RELIEF

WHEREFORE, plaintiff Chatman respectfully requests the following relief:

A. An order entering judgment for plaintiff Chatman against defendants on each of the claims for relief;

B. Awards to plaintiff Chatman for compensatory general, special, actual, and/or statutory damages against all defendants, jointly and severally, for their violation of State law, Fourth and Fourteenth Amendment rights, the amount to be determined at jury trial;

C. Awards to plaintiff Chatman of punitive damages against defendants on the basis of their conscious wrongdoing and callous indifference to plaintiff Chatman's constitutional rights and welfare, the amount to be determined at jury trial; and

D. Awards to plaintiff Chatman of the costs of this action, including reasonable attorneys' fees; together with such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff Chatman respectfully demands a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure (" FRCP" ) 38.

Dated:  Floral Park, New York       Wurzel Law Group, PLLC.
       February 27 , 2023

By: _____
       Glenn J. Wurzel
*Attorney for plaintiff Ronald Chatman*
249-12 Jericho Turnpike, Suite 230
Floral Park,  New York 11001
(516) 481-7617   Ext. 23
Email: gjw@wurzelaw.com